```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THERESA CASTILLO,

                Petitioner,           MEMORANDUM & ORDER
                                      11-MC-0745 (JS)
        -against-


UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Theresa Castillo, pro se
                   41-03 53rd Street, Apt. 3L
                   Woodside, NY 11377

For Respondent:    Charles N. Rose, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

Theresa Castillo ("Petitioner") petitions this Court for an order expunging her 1989 conviction for narcotics-related offenses, arguing chiefly that she has not been convicted since and that she has been a good citizen. Petitioner's request is DENIED.

"While courts have the power to order expungement, the Second Circuit has cautioned that such power should be exercised only in 'extreme circumstances.'" United States v. McFadzean, No. 93-CR-0025, 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999) (quoting United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir.

1977)); see also United States v. Fields, 955 F. Supp. 284, 285 (S.D.N.Y. 1997) (expungement is only appropriate in unusual or extreme cases). It is an "extreme, and rare, remedy," McFadzean, 1999 WL 993641, at *3, and it has typically been reserved for cases where the underlying arrest was unconstitutional or where a defendant's records have "been misused by the government," id. at *2. In extraordinary cases, expungement may be warranted where the underlying conviction was valid and no government misconduct is involved, id. at *2, but only if a petitioner can satisfy an exceedingly stringent standard, see id. at *3.

Petitioner has not made a convincing attempt to challenge her conviction and she has not demonstrated that expungement is appropriate here. That Petitioner has been a good citizen since her conviction, while commendable, does not warrant relief. See United States v. Kemp, No. 97-CR-1162, 2008 WL 123800, at *2 (S.D.N.Y. Jan. 10, 2008) ("Kemp's claim that he has been a productive and law-abiding citizen since the expiration of his probationary sentence does not weigh in favor of expungement."); Holmes v. United States, No. 99-MC-0106, 2005 WL 1320149, at *2 (E.D.N.Y. June 2, 2005) ("[H]aving had an 'exemplary life' since conviction is not a sufficient reason for expungement."). Nor does any impact on her prospective employment. See Gonzalez v. United States, No. 10-MC-0547, 2010

2

WL 5860297, at *2 (E.D.N.Y. Nov. 22, 2010), adopted by 2011 WL 705399 (E.D.N.Y. Feb. 17, 2011) ("Absent any issue with the record's accuracy, courts have almost uniformly rejected adverse employment effects as grounds for expungement." (internal quotation marks and citation omitted)); Fields, 955 F. Supp. at 285 ("[T]he difficulties faced by Fields in finding and keeping a steady job do not rise to the level of extreme circumstances required before a court will exercise its inherent power to expunge." (quotation marks omitted)); United States v. Bryde, 914 F. Supp. 38, 40 (N.D.N.Y. 1996) (denying expungement where a licensed nurse argued that the record of her conviction would impair future professional opportunities).

CONCLUSION

For the foregoing reasons, Petitioner's motion to expunge her criminal record is DENIED. The Clerk of the Court is respectfully directed to mail Petitioner a copy of this Order and to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:  October  7 , 2013
        Central Islip, New York

3